IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DAVID LUCAS, # 180728,　　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　Plaintiff,　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　*
vs.　　　　　　　　　　　　　　　　* CIVIL ACTION NO. 23-00316-JB-B
　　　　　　　　　　　　　　　　　　*
C.O. HOLLIS, *et al.*,　　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　Defendants.　　　　　　　　　*

## **REPORT AND RECOMMENDATION**

Plaintiff David Lucas, an Alabama state prison inmate who is proceeding *pro se*, filed a complaint seeking relief under 42 U.S.C. § 1983. (Doc. 1). When he initiated this action, Lucas neither paid the filing fee nor filed a motion to proceed without prepayment of fees.[1] The case was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R).

Because Lucas is a prisoner who has filed suit against government officers or employees, the undersigned conducted an initial screening review of his complaint under 28 U.S.C. § 1915A. "Section 1915A requires the court to review a complaint filed by a prisoner-plaintiff against a government officer and to dismiss

---

[1] Staff notes reflect that Lucas requested a copy of this Court's form for a motion to proceed without prepayment of fees ("IFP motion"), and an IFP motion form was mailed to Lucas on August 21, 2023.

the complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." Baxter v. Washington, 201 F. App'x 656, 657 (11th Cir. 2006) (per curiam) (citing 28 U.S.C. § 1915A).

During the screening process, the undersigned discovered that Lucas affirmatively misrepresented his litigation history under the penalty of perjury in his § 1983 complaint form in this action. In his complaint, Lucas denied that he had previously filed any other lawsuits in state or federal court dealing with the same or similar facts involved in this action and/or relating to his imprisonment. (Doc. 1 at 3). In fact, Lucas has filed several lawsuits in federal court relating to his imprisonment.[2] Indeed, Lucas has filed so many meritless lawsuits during his incarceration that he qualifies as a "three-striker" under 28 U.S.C. § 1915(g) and is therefore barred from filing suit in federal court without paying the filing fee in full at the time he initiates suit. Lucas is undoubtedly aware of this, since he previously filed an action that was *identical* in substance to the instant action and which the Court dismissed without prejudice under the three strikes

---

[2] See Lucas v. Bullard, No. 2:01-cv-01319-ELN-JEO (N.D. Ala. 2001); Lucas v. Allen, No. 2:06-cv-01469-VEH-TMP (N.D. Ala. 2006); Lucas v. Edwards, No. 2:11-cv-01209-VEH-JEO (N.D. Ala. 2011); Lucas v. Raybon, No. 1:19-cv-00321-TFM-MU (S.D. Ala. 2019); Lucas v. Hollis, No. 1:22-cv-00009-CG-N (S.D. Ala. 2022).

provision of § 1915(g). Yet, in what appears to be a calculated attempt to circumvent his filing fee obligations and the three strikes provision of § 1915(g), Lucas has now essentially re-filed that earlier lawsuit while denying its very existence and without paying the filing fee.

Accordingly, after reviewing the present complaint and Lucas' prior cases, it is recommended that this action be **DISMISSED without prejudice** as malicious for abuse of the judicial process pursuant to 28 U.S.C. § 1915A(b)(1) because Lucas affirmatively misrepresented his litigation history to the Court. Alternatively, the case is due to be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g) because Lucas is a three-striker who does not meet § 1915(g)'s imminent danger exception.

**I.     DISCUSSION**

   **A.   Section 1915(g) and Lucas' Litigation History**.

Section 1915(g) provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The purpose of this provision is to curb abusive prisoner litigation by requiring a prisoner who has had three actions or appeals dismissed as meritless to pay the full filing fee at the time he initiates suit when his next action is filed. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam).

"The only exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger of serious physical injury.'" Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998), abrogated on other grounds by Jones v. Bock, 549 U.S. 199, 215-16 (2007); see Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (finding that the imminent danger of serious physical injury must be faced at the time the complaint is filed, not at a prior time).

To meet § 1915(g)'s exception, the "complaint, as a whole, [must] allege[] imminent danger of serious physical injury." Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004). To make this showing, a plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]" Ball v. Allen, 2007 U.S. Dist. LEXIS 9706, at *4, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007) (quotation omitted).

4

In screening Lucas' complaint, the undersigned reviewed the records of the United States District Courts for the Southern, Middle, and Northern Districts of Alabama and the Eleventh Circuit Court of Appeals to determine whether Lucas has filed three or more actions or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.[3] From those dockets, the Court discovered that Lucas has had at least three actions or appeals dismissed for one of the aforementioned reasons, namely, Lucas v. Bullard, No. 2:01-cv-01319-ELN-JEO (N.D. Ala. 2001) (dismissed for failure to state a claim July 23, 2001); Lucas v. Bullard, No. 01-14646 (11th Cir. 2001) (appeal dismissed as frivolous Apr. 1, 2002); Lucas v. Molten, Allen & Williams, No. 2:16-cv-00556-VEH-JEO (N.D. Ala. 2016) (dismissed for failure to state a claim Apr. 27, 2016); Lucas v. Molten, Allen & Williams, No. 16-13343 (11th Cir. 2016) (appeal dismissed as frivolous Jan. 27, 2017). Therefore, Lucas is a "three-striker" under 28 U.S.C. § 1915(g).

In January 2022, Lucas filed a § 1983 complaint in this Court. Lucas v. Hollis, No. 1:22-cv-00009-CG-N (S.D. Ala. 2022) ("Hollis

---

[3] This Court may take judicial notice of its own records and the records of other federal courts. Nguyen v. United States, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009); United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987); United States v. Glover, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999).

I"), ECF No. 1. In his complaint, Lucas complained about being stabbed by an inmate Koby in August 2021 at Fountain Correctional Facility, while no officers were present in or near the dorm for more than two hours. Id. Lucas sued Correctional Officer Hollis and Basic Correctional Officer Rivers, who were assigned to the dorm as the duty officer and a relief officer at the time he was stabbed, for failure to protect and intervene. Id. Lucas included with his complaint an affidavit dated January 6, 2022, in which he described the stabbing incident and the "dangerous" environment at Fountain Correctional Facility around the time of his stabbing. Id. Lucas alleged that after receiving medical treatment at a free-world hospital, he was returned to the same dorm where he was stabbed and placed with members of the same gang as his assailant, who was now in lockup. Id. Lucas asserted that the gang members asked him to sign a "living agreement" so that his assailant could be released from lockup, which he refused to do, resulting in him being threatened by gang members. Id. Lucas alleged that he remained afraid every day, and especially at night, and that he kept a knife close by at all times for protection. Id.[4]

---

[4] After filing the complaint in January 2022, Lucas notified the Court in March 2022 that he had been transferred to St. Clair Correctional Facility. Hollis I, ECF No. 1. Lucas' complaint in the instant case reflects that he remains incarcerated at St. Clair Correctional Facility. (See Doc. 1 at 5, 7, 14).

On June 6, 2022, Magistrate Judge Nelson entered a report and recommendation that Lucas' action be dismissed without prejudice pursuant to § 1915(g) because Lucas had three or more actions or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim, and § 1915(g)'s imminent danger exception was not met because all of Lucas' allegations related to past events. Id., ECF No. 15.[5] On July 5, 2022, the District Judge adopted the report and recommendation and dismissed Lucas' action without prejudice pursuant to § 1915(g). Id., ECF No. 16, 17.[6] On August 18, 2023, Lucas filed his complaint in the instant case, which is identical in substance to the complaint in Hollis I. (Doc. 1).[7]

**B. Lucas is a Three-Striker Who Does Not Meet § 1915(g)'s Imminent Danger Exception.**

There is no question that, like Hollis I, the present complaint comes within the scope of § 1915(g). Nor is there any

---

[5] See Lucas v. Hollis, 2022 U.S. Dist. LEXIS 118612, 2022 WL 2448079 (S.D. Ala. June 6, 2022).

[6] See Lucas v. Hollis, 2022 U.S. Dist. LEXIS 117530, 2022 WL 2441759 (S.D. Ala. July 5, 2022).

[7] The factual allegations (labeled "Complaints") and affidavit (titled "Affidavit of David Lucas") in the instant complaint are taken straight from the complaint filed in Hollis I, with the CM/ECF PDF headers from that earlier case scrolled over in black marker. (See Doc. 1 at 8-13).

question that § 1915(g)'s exception is not met, because Lucas has not shown that he was under imminent danger of serious injury at the time of the complaint's filing in August 2023. In his complaint, Lucas primarily complains of Defendants' failure to protect him from being stabbed at Fountain Correctional Facility in August 2021. Although the complaint contains other more generalized allegations relating to the environment at Fountain Correctional Facility, the events and conditions outlined in the complaint took place before Lucas was transferred to St. Clair Correctional Facility in or about March 2022. None of the complaint's allegations relate to Lucas' present incarceration at St. Clair Correctional Facility. Accordingly, Lucas has not shown that he was under imminent danger of serious physical injury when he filed his complaint, and this action is therefore due to be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). See Dupree, 284 F.3d at 1236 (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) fails to pay the filing fee at the time he initiates the suit).

**C. Lucas Affirmatively Misrepresented His Litigation History.**

As he was required to do, Lucas drafted the instant complaint using this Court's standard § 1983 prisoner complaint form. (See Doc. 1). The form directs prisoner plaintiffs to disclose whether

they have filed (A) any other lawsuits in state or federal court dealing with the same or similar facts involved in the present action, and/or (B) any other lawsuits in state or federal court relating to their imprisonment. (See id. at 3). The form provides that if the answer to either of those questions is yes, the plaintiff is to describe each lawsuit in the space below, and if necessary, describe additional lawsuits on a separate piece of paper. (See id.). Despite having filed several cases relating to his imprisonment, and despite the fact that he filed a lawsuit dealing with exactly the same facts involved in this action less than two years earlier, Lucas expressly denied having filed any other lawsuits in state or federal court relating to his imprisonment or dealing with the same or similar facts involved in this action. (Id.). Lucas then proceeded to swear or affirm under penalty of perjury that the facts set out in his complaint are true and correct. (Id. at 7).

"Prisoners are required to accurately disclose their litigation history on the complaint form under the penalty of perjury." Franklin v. Leon Cty. Sheriffs Off., 2022 U.S. Dist. LEXIS 235321, at *8, 2022 WL 18231678, at *4 (N.D. Fla. Dec. 6, 2022), report and recommendation adopted, 2023 U.S. Dist. LEXIS 5112, 2023 WL 163254 (N.D. Fla. Jan. 11, 2023). The Court's §

1983 complaint form requests information about prior actions from a prisoner plaintiff to assist in determining whether the prisoner's action is barred under § 1915(g), whether the action is connected to another action, and whether the plaintiff is familiar with litigating his claims. See Doctor v. Nichols, 2015 U.S. Dist. LEXIS 124946, at *9-10, 2015 WL 5546397, at *3 (N.D. Fla. Aug. 19, 2015). When the prisoner fails to provide information about all of his prior actions on the complaint form, the Court is deprived of this knowledge and is forced to expend more time and resources than would otherwise be necessary. Id., 2015 U.S. Dist. LEXIS 124946, at *10, 2015 WL 5546397, at *3.

Moreover, the judicial system is structured so that when a plaintiff files a civil action, he certifies to the court that his signed pleading, "to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[,] . . . is not being presented for any improper purpose, . . . [and] the factual contentions have evidentiary support[.]" Fed. R. Civ. P. 11(b)(1) & (3). The purpose of Rule 11 is to impress on the signer his personal responsibility for validating "the truth and legal reasonableness" of the document he is filing, which assists in conserving the court system's resources

10

and in avoiding unnecessary proceedings. Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc., 498 U.S. 533, 543, 547 (1991).

"A plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under . . . § 1915A(b)(1)." Ealy v. Corr. Corp. of Am., 2015 U.S. Dist. LEXIS 173850, at *2-3, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history), report and recommendation adopted, 2016 U.S. Dist. LEXIS 1023, 2016 WL 75074 (N.D. Fla. Jan. 6, 2016).

Lucas is undoubtedly well aware that he has filed several actions in federal court relating to his imprisonment and is subject to § 1915(g)'s three strikes provision. He is also clearly aware of the requirement to disclose his prior litigation history on the Court's § 1983 prisoner complaint form. Notably, after initial denying that he had filed any other lawsuits relating to his imprisonment on his complaint form in Hollis I, Lucas subsequently filed a "Correction of Ommission [sic] on 1983 Form"

11

stating: "I have filed several lawsuit[s] concerning my imprisonment over the 28 years of my incarceration." See Hollis I, ECF No. 1, 5.

Therefore, under the circumstances, the Court can only conclude that Lucas misrepresented his prior litigation history on the present complaint form in an attempt to circumvent the screening process and deprive the Court of information that would have immediately directed it to the proper disposition of this action, i.e., dismissal under § 1915(g). Accordingly, this action is due to be dismissed without prejudice as malicious for Lucas' abuse of the judicial process pursuant to 28 U.S.C. § 1915A(b)(1).[8]

---

[8] The Court is aware that the dismissal of this action without prejudice would effectively be a dismissal with prejudice, as the incident complained of is alleged to have occurred in August 2021. Thus, Lucas likely will not be able to re-file a viable action because it will be barred by the two-year statute of limitations for filing a § 1983 action in Alabama. See Jones v. Preuit & Mauldin, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). If dismissal were recommended solely on the ground that this action is malicious, the Court would be required to consider lesser sanctions due to the statute-of-limitations bar. See Hines v. Thomas, 604 F. App'x 796, 800 (11th Cir. 2015) (per curiam). However, because Lucas' complaint is subject to dismissal under the three strikes provision of § 1915(g), dismissal without prejudice is appropriate even if it has the effect of precluding Lucas from re-filing his claims due to the running of the statute of limitations. See Dupree, 284 F.3d at 1236. Dismissal without prejudice is also appropriate here - even if it is tantamount to dismissal with prejudice - because Lucas' transparent attempt to avoid a § 1915(g) three-strikes dismissal shows a clear record of willful misconduct, and it appears that lesser sanctions would be

**III. CONCLUSION**

For the foregoing reasons, it is **RECOMMENDED** that this action be **DISMISSED without prejudice** as malicious for abuse of the judicial process pursuant to 28 U.S.C. § 1915A(b)(1). Alternatively, this action is due to be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g) because Lucas is a three-striker and does not meet the imminent danger exception.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period

---

inadequate given Lucas' incarcerated status and apparent indigence.

for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **24th** day of **August, 2023.**

                                         **/s/ SONJA F. BIVINS**
                                 **UNITED STATES MAGISTRATE JUDGE**